**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY GLEICH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CITY OF CALVERTON PARK,** | ) | |
| **MISSOURI,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Jeremy Gleich, an adult individual ("Plaintiff"), by and through his undersigned counsel, and for his Complaint against Defendant, states:

1.    This Complaint is for unpaid overtime wages, unpaid wages and for improper pay actions of the Defendant brought under the Fair Labor Standards Act, 29 U.S.C. Section 203, et seq. (the "FLSA").

2.    Plaintiff is an adult individual resident and citizen of Missouri.

3.    On information and belief, Defendant the City of Calverton Park ("Defendant" or "City") is a Missouri city capable of being sued and has consented to be sued.

4.    This Court has subject matter jurisdiction of this action as the case involves a federal question and/or arises under a federal statute; namely, the FLSA.

5.    This Court has personal jurisdiction over the Defendant in that Defendant does business in this district and/or may be found in this district; and the causes of action alleged occurred in and/or can be filed in this district.

6.    Venue is proper in this Court.

7.    Plaintiff is entitled to a trial by jury and hereby demands a trial by jury.

1

## GENERAL ALLEGATIONS

8.    Plaintiff was employed by Defendant for approximately 5 ½ years as a part time police officer in good standing.

9.    As a police officer employed by the Defendant City, Plaintiff worked numerous hours as a police officer and as a detective whose duties including policing the City, patrol duties, safekeeping evidence for criminal prosecution including safeguarding and properly maintaining the evidence room, performing criminal investigations, handling arrests including domestic disputes, and generally working as a law enforcement officer/peace officer.

10.   At all times relevant, Plaintiff was a certified police officer.

11.   During his entire tenure as a police officer, Defendant required Plaintiff to work at least 20 extra hours per month performing duties on behalf of Defendant as a police officer without pay (the "Extra Unpaid Hours").  The work performed by Plaintiff for the Extra Unpaid Hours included, but was not limited to, normal policing activity, crime investigation, securing and handling evidence, working with the prosecution for criminal enforcement, and interviewing crime witnesses, among other police officer duties.

12.   At all times relevant, Plaintiff did in fact work at least 20 hours per month (and often many, many more hours) for Defendant performing work duties although Defendant failed to pay Plaintiff for performing any of the Extra Unpaid Hours.

13.   At all times relevant, Defendant paid Plaintiff on a hourly basis, thereby entitling Plaintiff to be paid overtime wages for working over 40 hours in a work week.

14.   At the time Defendant fired Plaintiff, Defendant was paying Plaintiff $17.09 per hour.

15.     During Plaintiff's employment with Defendant, Plaintiff performed the duties and responsibilities of his job in a satisfactory manner.

16.     Defendant refused to pay Plaintiff for the Extra Unpaid Hours that Plaintiff spent working on behalf of Defendant.

17.     Plaintiff reported the fact he was not being properly paid for working the Extra Unpaid Hours to Defendant on more than one occasion, but Defendant continued to refuse to properly pay Plaintiff for working the Extra Unpaid Hours.

18.     Defendant terminated Plaintiff effective May 24, 2017, after Plaintiff complained about not being paid properly.

19.     As a direct result of Defendant's termination of Plaintiff, Plaintiff suffered damages including lost pay, front pay, benefits, garden variety emotional distress damages and other damages.

20.     Plaintiff engaged and retained the undersigned law firms/lawyers to prosecute this Petition on his behalf.

21.     Plaintiff has incurred and will incur attorneys' fees and litigation costs.

## COUNT I:  FLSA VIOLATIONS

22.     Plaintiff re-alleges, restates and incorporates herein by reference all prior paragraphs as if stated herein.

23.     Defendant is deemed and considered an employer under the FLSA and is capable of being sued under the FLSA.

24.     At all times relevant when Defendant did pay Plaintiff, Defendant paid Plaintiff at an hourly rate (not a set salary).

25.     At all times relevant, Plaintiff was entitled to be paid overtime pay if he worked over 40 hours in a work week.

26.     At all times relevant, Plaintiff was entitled to be paid at least a minimum wage for the hours he worked for the Defendant.

27.     Defendant failed to pay Plaintiff at a rate of one and one-half his normal hourly rate for working overs in excess of 40 hours per week.

28.     Defendant failed to pay Plaintiff at least a minimum wage for hours worked by Plaintiff as Defendant directed or ordered Plaintiff to work.

29.     Plaintiff is/was a non-exempt employee of Defendant, meaning Plaintiff is/was entitled to be paid by the City overtime wages at time and one-half, and entitled to be paid at least minimum wage.

30.     Defendant willfully violated the FLSA in that:  (a) Defendant knew its actions of not paying wages to Plaintiff for the hours he worked were in violation of the FLSA, or (b) Defendant acted in reckless disregard as to whether it acted in violation of the FLSA.

31.     Defendant's violations of the FLSA were willful under 29 U.S.C. Section 255(a).

32.     Defendant did not act in good faith in failing to properly pay Plaintiff his wages.

33.     As a direct and proximate result of the actions of Defendant, Plaintiff sustained money damages.  But for the actions of Defendant, Plaintiff would not have and sustained such damages.

34.     Pursuant to 29 U.S.C. Section 216 of the FLSA, Plaintiff is entitled to be paid as liquidated damages an additional equal amount to his unpaid wages/improperly paid wages.

35.     Plaintiff is also entitled to recover his attorneys' fees and costs incurred in prosecuting this matter as set out under the 29 U.S.C. Section 216 of the FLSA.

**WHEREFORE**, Plaintiff Jeremy Gleich prays this Court enters judgment in his favor and against Defendant for the damages and losses sustained by Plaintiff to be determined at trial based on the reasonable value of such damages and other loss in a fair and reasonable sum; that the Court award him double the amount of unpaid wages per the FLSA as a liquidated amount; that the Court award Plaintiff his reasonable attorneys' fees and court costs as permitted by the FLSA; that the Court award Plaintiff interest and for costs herein expended and incurred; and that the Court grant such other and further relief as this Court deems just and proper.

Dated:  May 14, 2019.

**RECHENBERG LAW, LLC**

*/s/ Paul Rechenberg*

By: _____
        Paul N. Rechenberg, Esq. MO Bar #40615
        paul@rechenberglaw.com
        215 Chesterfield Business Parkway
        Chesterfield, MO 63005
        (636) 728-1900
        (636) 530-6805 (facsimile)
        ATTORNEYS FOR PLAINTIFF
        Complaint e-filed May 14, 2019